# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JENNISON,<br><br>                  Petitioner,<br>v.<br>UNKNOWN,<br>                  Respondent. | Civil No.    11-0046 DMS (CAB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

### FAILURE TO NAME PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall

be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has not named a Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## CONCLUSION

Accordingly, the Court **DISMISSES** the Petition without prejudice due to Petitioner's failure to name a proper respondent. To have this case reopened, Petitioner must file a First Amended Petition no later than **March 22, 2011** in conformance with this Order. *The Clerk of Court is directed to send Petitioner a blank First Amended Petition form.*

**IT IS SO ORDERED.**

DATED: January 14, 2011

_____
HON. DANA M. SABRAW
United States District Judge