# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL JENNISON, <br><br> Petitioner, <br><br> v. <br><br> UNKNOWN, <br><br> Respondent. | Civil No. 11-0046 DMS (CAB) <br><br> **ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On January 7, 2011, Petitioner, a state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Court dismissed the petition without prejudice and with leave to amend because Petitioner had not named a proper respondent. (*See* Order dated Jan. 14, 2011 [doc. no. 2].) Petitioner was given until March 22, 2011 to file a First Amended Petition which named a proper respondent. (*Id.*) On February 10, 2011, Petitioner filed a First Amended Petition. (*See* doc. no. 4.)

## **FAILURE TO STATE A COGNIZABLE FEDERAL CLAIM**

In his First Amended Petition, Petitioner names a proper respondent. However, in accordance with Rule 4 of the rules governing § 2254 cases, Petitioner has failed to allege that his state court conviction or sentence violates the Constitution of the United States.

/ / /

/ / /

/ / /

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in <u>violation of the Constitution or laws or treaties of the United States.</u>

28 U.S.C. § 2254(a) (emphasis added). *See Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991); *Mannhalt v. Reed*, 847 F.2d 576, 579 (9th Cir. 1988); *Kealohapauole v. Shimoda*, 800 F.2d 1463, 1464-65 (9th Cir. 1986). Thus, to present a cognizable federal habeas corpus claim under § 2254, a state prisoner must allege both that he is in custody pursuant to a "judgment of a State court," <u>and</u> that he is in custody in "violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a).

Here, Petitioner claims that "the judge stapled a newspaper article describing excluded evidence to an exhibit and sent it in to the jury room where the jurors read it and consequently found me guilty." (Pet. at 6.) In no way does Petitioner claim he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. "If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he must say so, not only in federal court, but in state court." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (emphasis added).

## CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice and with leave to amend because Petitioner has failed to state a cognizable federal claim. To have this case reopened, Petitioner must, **no later than <u>April 18, 2011</u>**, file a Second Amended Petition that cures the pleading deficiencies set forth above. ***The Clerk of Court is directed to mail Petitioner a blank Second Amended Petition form together with a copy of this Order.***

**IT IS SO ORDERED.**

DATED: February 17, 2011

_____
HON. DANA M. SABRAW
United States District Judge